State *v.* Zule.

## THE STATE *against* WILLIAM ZULE.

If the caption of an indictment do not shew distinctly the names and style
of office of the judges composing the court to which it is presented, the indict-
ment will be quashed.

An indictment was presented by the grand jury of the
county of Hunterdon, to the Court of Oyer and Terminer
and General Gaol Delivery of said county, against William
Zule, for polygamy, and was removed by *certiorari* into
this court. The caption was in the following words :
" Hunterdon, to wit : Be it remembered, that at a Court
of Oyer and Terminer and General Gaol Delivery, holden
at Flemington, in and for the county of Hunterdon, on
the first Tuesday of May, in the year of our Lord one
thousand eight hundred and twenty-seven, the Honorable
George K. Drake, second justice of the Supreme Court of
Judicature, George Rea, Dennis Wykoff, Luther Opdycke,
and others, their fellows, Judges of the Court of Common
Pleas for the said county, according to the form of the stat-
ute in such case made and provided, by the oath and affirma-

State *v.* Zule.

tion of A. B., &c.," [naming them] " good and lawful men of
the said county, sworn and affirmed, (those who were affirmed,
severally alleging themselves conscientiously scrupulous of
taking an oath,) and charged to inquire for the State of New
Jersey, in and for the body of the said county; it is pre-
sented in manner and form following, to wit."

*Scott* and *Wall,* for the defendant, moved to quash the
indictment, because the caption was defective, inasmuch as it
did not shew that the grand jury were brought *before* any
court. It ought to set forth the time and place of the sitting
of the court; by whom holden; by what authority; and of
what they are authorized to inquire; 2 *South.* 46.

*W. Halsted,* for the state, contended, 1st. That the cap-
tion contained every substantial requisite. That the only
defect was the omission of the word *before,* which should
have been inserted after the words " twenty-seven." That
this was not essential to the validity of the indictment, for
this court were bound to take judicial notice, that there
could be but one Court of Oyer and Terminer in a county at
a time; and they were bound to notice the times at which
these courts were holden, and the manner in which they
were constituted; consequently, they could not shut their
eyes and refuse to notice that there was no other Court of
Oyer and Terminer to which a grand jury could make a
presentment, except the court composed of the justice of the
Supreme Court and the judges of the Common Pleas named
in the caption.
  2. He contended that if the caption was defective on
account of the omission of the word *" before,"* that the defect
might be amended, and that the court ought to allow the
amendment to be made.

EWING, C. J. The caption of this indictment is essentially
defective. The books lay down the rule, and they are fol-

lowed by the most approved precedents, that the names and style of office, of the persons constituting the court to which the indictment is presented, should be set out. The purpose is to shew that they were competent to hold the court, and had power to take the indictment. 2 *Hale C. C.* 166; 1 *Chit. Cr. Law* 331. In this caption, names, it is true, are found, but no allegation that the court was held by them, or the indictment presented before them. As was observed by the counsel of the state, the deficiency might perhaps have been supplied by one word, but that important word is wanting.

With respect to amendment, no application for the purpose has been made. If desired by the counsel for the state, an application should have been made before the opening of the argument upon the exception, of the nature of which he had been previously apprized.

Indictment quashed.